UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERESA S. LEONG, ) <br> ) <br>       Plaintiff, ) <br>  vs. ) <br> ) <br> JPMORGAN CHASE; MORTGAGE ) <br> ELECTRONIC REGISTRATION ) <br> SYSTEMS, INC.; DOES I through X; and ) <br> ROE CORPORATIONS I through V, ) <br> ) <br>       Defendants. ) | Case No.: 2:11-cv-01285-GMN-RJJ <br><br> ORDER |

Pending before the Court is the Motion to Dismiss (ECF No. 4) filed by Defendants JPMorgan Chase Bank, N.A. ("Chase") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants").

**I. BACKGROUND**

Plaintiff filed a Complaint in state court that was removed to this court by Defendants on August 9, 2011. (ECF No. 1.)  In the Complaint, Plaintiff alleges no causes of action, but alleges "Relevant Facts" bearing on her Complaint. (ECF No. 1-2.) Plaintiff refers to Exhibits to her Complaint, but these exhibits were not attached to the Petition for Removal.  Defendants also cite to the exhibits attached to Plaintiff's Complaint in their Motion to Dismiss.

Among Plaintiff's allegations, Plaintiff alleges that on May 19th, 2011, she received a Notice of Default from "[Defendant Chase], a servicer for [Defendant MERS]." (*Id.* at 3:¶2.)  Plaintiff alleges that she "sent a request for the original Note to be sent to HER" via Certified Mail. (*Id.* at 3:¶3.)  Plaintiff then alleges that Defendant Chase responded, advising her "that there would be a $10.00 per page charge for copies of said

requested items with no mention of the originals." (*Id*. at 3:¶3.) Plaintiff alleges that Defendant Chase "should have CONTACTED THE CLIENT DIRECTLY and honor the REQUEST WITHOUT cost or at minimum established a meeting at one of their local facilities to examine the original documents requested." (*Id*. at 3:¶4.)

Plaintiff also alleges that Defendants "failed to give full disclosure to Plaintiff pursuant to Regulation Z of the Federal Truth in Lending Act and Plaintiff is therefore seeking relief under said act." (*Id*. at 4:¶5.) She alleges that Defendants "have refused to honor the agreement and stipulations between Plaintiff and therefore have commenced this action." (*Id*. at 4:¶6.)

Therefore, Plaintiff states that she "challenges the validity of the foreclosure proceedings of the property in question and requests that any and all foreclosure action be dismissed and the home stay in possession of the Plaintiff unless said Defendants can produce the Original signed note of property, and can prove they are the owners of the said note." (*Id*. at 4:¶6.)

In her prayer, Plaintiff requests "a judgment and order declaring any mortgage or deed of trust claimed by any of the Defendants above-named invalid based on Defendants failure to comply with the Federal Truth in Lending Act." (*Id*. at 4:¶2.)

Defendants filed their Motion to Dismiss on August 10, 2011. (ECF No. 4.) Defendants argued that "it is unclear what Plaintiff is actually alleging," and argued that the Court should grant the motion to dismiss because Plaintiff failed to satisfy the pleading standards required to state a claim and survive a motion to dismiss.

On August 25, 2011, Defendants filed a Notice of Plaintiff's filing in the state court that appears to address the Motion to Dismiss. (ECF No. 8.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful

pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. DISCUSSION

Plaintiff's Complaint fails to satisfy the standards articulated in Rule 8, Rule 12(b)(6), and in *Iqbal* and *Twombly*. However, in the interests of justice, and because

Plaintiff is representing herself pro se, the Court will grant Plaintiff leave to amend her Complaint.

In their motion, Defendants point out that Plaintiff's Complaint appears to allege a claim for violation of Regulation Z (Title 12, Part 226 of the Code of Federal Regulations) of the Federal Truth in Lending Act ("TILA"), codified at 15 U.S.C. § 1601 *et seq.*, for failure to produce the original Note. Defendants also correctly point out that Plaintiff's complaint fails to cite to any authority that requires Defendants to produce the original Note.

Defendants also address Plaintiff's apparent attempt to allege wrongful foreclosure, arguing that Plaintiff failed to state a claim for wrongful foreclosure. Under Nevada law, "[a]n action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). In order to state a claim for wrongful foreclosure, Plaintiff must allege that she had not breached any condition of the loan that would have authorized the foreclosure or exercise of the power of sale. Plaintiff did not do so.

For the reasons stated above, the Court finds that Plaintiff has failed to sufficiently plead her Complaint. However, because Plaintiff is representing herself pro se, and because it is apparent that she may have additional evidence and arguments to offer in the form of the exhibits to the Complaint and a response to the Motion to Dismiss, the Court will grant Plaintiff leave to amend her Complaint within twenty-one days of this order.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is given leave to amend her Complaint consistent with this order within twenty-one (21) days after this order is filed.

DATED this 4th day of April, 2012.

_____
Gloria M. Navarro
United States District Judge