UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERESA S. LEONG, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> JPMORGAN CHASE; and MORTGAGE ) <br> ELECTRONIC REGISTRATION ) <br> SYSTEMS, INC., ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:11-cv-01285-GMN-NJK <br><br> **ORDER** |

This action arises out of the foreclosure proceedings initiated against the property of *pro se* Plaintiff Teresa Leong.  Pending before the Court is the Motion to Dismiss (ECF No. 15) filed by Defendants JPMorgan Chase Bank, N.A. ("Chase") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants").  Also before the Court are Plaintiff's motions styled as a Motion for Summary Judgment (ECF No. 17), Motion to Dismiss (ECF No. 21), Second Motion for Summary Judgment (ECF No. 24) and Third Motion for Summary Judgment (ECF No. 33).  All motions are fully briefed.

**I. BACKGROUND**

Plaintiff's original Complaint (ECF No. 1-2) was filed in state court, and dismissed without prejudice after removal to this Court (Notice of Removal, ECF No. 1). (*See* Order, ECF No. 13.)  Plaintiff filed an Amended Complaint (ECF No. 14), and Defendants subsequently filed the instant Motion to Dismiss (ECF No. 15).  The remaining motions filed by Plaintiff followed.

In the Plaintiff's Amended Complaint (ECF No. 14), Plaintiff repeats many of her allegations from the original complaint, including her requests for relief.  Plaintiff also appears to allege two new causes of action, which the Court will construe as fraud: "wrongful use of a non existent [sic] co-borrower" and "Fraudulent Documentation." (Am. Compl. at 5:¶2.)  Plaintiff alleges several additional facts in the Amended Complaint.  First, Plaintiff alleges details about the loan's origination on December 22, 2005. (*Id.* at 3:¶2.)  This date corresponds with the notarized date on the "Exhibit 1: Deed of Trust." (*Id.* at 24.)  Plaintiff disputes the status of Mr. Aaron Yeung as a co-borrower. (*Id.* at 3:¶2.)

Additionally, Plaintiff describes her discussions with Defendant Chase regarding a potential modification that Plaintiff refers to as "a no income document loan." (*Id.* at 3:¶3.)  Plaintiff continued to request "to see my original documents Note and Deed." (*Id.* at 4:¶4.)  Plaintiff alleges receiving two packages from Defendant Chase, but Plaintiff explains that the documents received were not the ones that she requested. (*Id.* at 4:¶4-5.) Plaintiff then alleges her experience with the Nevada Foreclosure Mediation Program. (*Id.* at 5:¶6.)

Plaintiff also attaches six exhibits to the Amended Complaint, including: a description of the property (*id.* at "Exhibit A"), one set of loan documents (*id.* at "Exhibit 1"), another set of loan documents (*id.* at "Exhibit 2"), a letter from the Foreclosure Mediation Program requesting information on the co-borrower, Mr. Yeung (*id.* at "Exhibit 3"), the Election/Waiver of Mediation form, on which Plaintiff elected to participate in the program (*id.* at "Exhibit 4"), and the Mediation Statement and Agreement (*id.* at "Exhibit 5").

Defendants filed a Motion to Dismiss Amended Complaint with Prejudice on April 27, 2012. (ECF No. 15.)  Defendants argued that "the Amended Complaint does not

add anything to, or clarify the defects in, the original Complaint." (*Id.* at 3.)  Moreover, Defendants argued, as they did in their Motion to Dismiss the original Complaint, that the Court should grant the motion to dismiss because Plaintiff failed to satisfy the pleading standards required to state a claim and survive a motion to dismiss.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l. v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008).  Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Prolix, confusing complaints"

should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered [on a motion to dismiss]." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. DISCUSSION

First, in recognition of Plaintiff's pro se status, the Court construes Plaintiff's motions (ECF Nos. 15, 17, 24, and 33) as oppositions to Defendants' Motion to Dismiss. To the extent that Plaintiff instead intended to move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Court finds that such a motion would fail and would be rendered moot by the Court's disposition of the instant Motion to Dismiss.

Next, the Court finds that Plaintiff's Amended Complaint fails to satisfy the standards articulated in Rule 8, Rule 12(b)(6), and in *Iqbal* and *Twombly*.

#### A. Wrongful Foreclosure

In Nevada, the common law tort of wrongful foreclosure requires a plaintiff to "establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). In her Amended Complaint, Plaintiff fails to allege that she is current on her mortgage payments or has otherwise satisfied the conditions and terms under the Deed of Trust. Furthermore, the Court finds no evidence in the documents submitted to the Court to infer otherwise. Accordingly, Plaintiff fails to state a legally cognizable claim for wrongful foreclosure, and this cause of action, to the extent that it is alleged, must be dismissed. Due to Plaintiff's "repeated failure to cure deficiencies by amendments previously allowed," the Court finds no grounds to permit leave to amend this cause of action.

### B. Failure to Produce Original Note

In her Amended Complaint, Plaintiff insists that Defendant failed to provide the original note. The only possibly relevant Nevada statute requiring the presentation of the original note or a certified copy is at a Foreclosure Mediation. Nev. Rev. Stat. § 107.086(4). Moreover, the Court treats copies the same as originals: "a duplicate is admissible to the same extent as an original." Nev. Rev. Stat. § 52.245. Defendants correctly point out that Plaintiff fails to cite to any authority that requires Defendants to produce the original Note, and Defendants additionally provide non-binding legal authority to the contrary. As such, this cause of action is dismissed with prejudice.

### C. Judicial Review of Foreclosure Mediation

Plaintiff's Amended Complaint appears to allege a claim for Judicial Review of her Foreclosure Mediation pursuant to the Nevada Mediation Rules. These Rules state, "[a] party to the mediation may file a petition for judicial review with the [state] district court in the county where the notice of default was properly recorded." (Foreclosure Med. Rules, Rule 21.) As such, a petition for Judicial Review of a Foreclosure Mediation should be filed in state court, not in federal court. Therefore the Court must dismiss this cause of action with prejudice.

### D. Failure to Comply with Federal Truth in Lending Act

In the prayer for relief, Plaintiff's Amended Complaint re-alleges that Defendant failed to comply with the Federal Truth in Lending Act ("TILA"), codified at 15 U.S.C. § 1601 *et seq*. TILA contains many provisions concerning accurate and meaningful credit disclosures. *Id.* Plaintiff's Amended Complaint does not specify any particular provision with which Defendant failed to comply. Accordingly, Plaintiff provides only a conclusory statement as support for a vague TILA claim, and to the extent that this cause of action is alleged, it must be dismissed.

**E. Fraud**

Plaintiff appears to allege two instances of fraud: first, Mr. Yeung's involvement as a co-borrower with the loan, and second, allegedly fraudulent documentation in the two packages Plaintiff allegedly received from Defendants ("Exhibit 1" and "Exhibit 2," ECF No. 14).

To state a claim for fraud or intentional misrepresentation, a plaintiff must allege three factors: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that result from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). A claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b). A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citation omitted). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id.* (internal citation omitted).

With regard to Mr. Yeung's involvement, Plaintiff fails to allege the first factor of a knowing false statement by Defendants. Plaintiff disputes Mr. Yeung's participation with her loan, stating Mr. Yeung "never was a part of the purchase nor did he ever apply for a loan regarding this transaction." (Am. Compl. at 4:¶2.) However, Mr. Yeung's signature is on the documentation provided by the Plaintiff in Exhibits 1 and 2. (*See* "Exhibit 1" and "Exhibit 2", ECF No. 14.) Plaintiff has not alleged the time, place, or specific content of any alleged false representations by Defendants, thus not pleading fraud with particularity.

Furthermore, although Plaintiff alleges that Exhibit 1 and 2 are different and do not include her actual signature, (Am. Compl. at 4:¶4-5), the Court cannot discern any difference in the two documents presented, particularly based on the signatures. (*See* "Exhibit 1" at 23; "Exhibit 2" at 50.)  The additional facts provided in Plaintiff's Amended Complaint do not cure the deficiencies identified in the Order from April 4, 2012.

Fraud is a markedly fact-based cause of action because it must be plead with "particularity."  Moreover, Plaintiff did not allege the fraud in her original complaint, so this Order is the first time the Court has addressed these issues.  For these reasons, the Court will grant Plaintiff leave to amend her Complaint again within twenty-one days of this order with regard to this cause of action.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 15) is **GRANTED**.  Plaintiff's Amended Complaint (ECF No. 14) with respect to the fraud cause of action is dismissed without prejudice.  All other alleged causes of action are dismissed with prejudice.  Plaintiff is given leave to amend her cause of action for fraud by October 25, 2013.  Failure to do so by this date will result in dismissal of the action with prejudice.

**IT IS HEREBY ORDERED** that all other pending motions are **DENIED** as moot.

DATED this 7th day of October, 2013.

_____
Gloria M. Navarro
United States District Judge